# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **MERCEDES-BENZ USA, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-73 (CAR) |
| | ) |
| **STAR AUTOMOBILE COMPANY;** | ) |
| **PETER W. MANKINS; and KRZYSZTOF** | ) |
| **LENCHKOSZ,** | ) |
| | ) |
| Defendants. | ) |

## ORDER FOR PRELIMINARY INJUNCTION

Currently before the Court is Plaintiff Mercedes-Benz USA, LLC's ("MBUSA") Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 4] seeking a preliminary injunction against the sale of Defendant Star Automobile Company's ("Star") Mercedes-Benz of Athens dealership to Defendants Peter W. Mankins and Krzysztof Lenchkosz (the "Buyers"). After review of the entire record and hearing from the parties at the hearing held before this Court on June 1, 2011, the Court finds that MBUSA will suffer immediate and irreparable injury if this Motion is not granted. Thus, Plaintiff's Motion [Doc. 4] is **GRANTED**.

The Court makes the following factual findings:

1. Plaintiff MBUSA distributes Mercedes-Benz passenger cars and light trucks in the United States through a network of independent dealers, who in turn sell the vehicles to customers.

2. Defendant Star is an authorized dealer of Mercedez-Benz vehicles doing

business as Mercedes-Benz of Athens.

3. To be an authorized Mercedes-Benz dealer, MBUSA and Star entered into two agreements: the Mercedes-Benz Passenger Car Dealer Agreement and the Mercedes-Benz Light Truck Dealer Agreement (collectively, the "Dealer Agreements"). For purposes of this litigation, the Dealer Agreements contain identical operative terms.

4. The Dealer Agreements give MBUSA a right of first refusal over the sale of a dealership. The Agreements contain the following pertinent language:

> **B. Right of First Refusal or Option to Purchase**
> **1. Rights Granted**
> If a proposal to sell Dealer's principal assets or transfer the majority ownership interest in Dealer is submitted by Dealer to MBUSA . . . MBUSA has a right of first refusal or option to purchase such assets or ownership interest . . . . MBUSA's exercise of its right or option under this Section IX.B supersedes Dealer's right to transfer its interest in, or ownership of, the dealership. MBUSA's right or option may be assigned by it to any third party and MBUSA hereby guarantees the full payment to Dealer of the purchase price by such assignee.
> ***
> **3. Right of First Refusal**
> If Dealer has entered into a bona fide written buy/sell agreement for its dealership business or assets, MBUSA's right under this Section IX.B is a right of first refusal, enabling MBUSA to assume the buyer's rights and obligations under such buy/sell agreement, and to cancel this Agreement and all rights granted Dealer. . . .
> If, as a result of MBUSA's exercise of its right of first refusal, Dealer is contractually obligated to reimburse the initial buyer for reasonable attorney's fees, broker's fees, title searches, property inspections, and other similar costs and fees that the buyer incurred in connection with the buy/sell agreement, MBUSA shall reimburse Dealer for such costs and fees in an amount up to but not exceeding Fifty Thousand Dollars ($50,000.00). Dealer shall provide MBUSA with all documents substantiating such costs and fees as MBUSA may reasonably request.

5. On April 1, 2011, Defendant Star entered into a Dealership Asset Purchase

2

Agreement with the Buyers intending to sell the Mercedes dealership together with their Nissan and Volkswagon dealerships as a package deal to the Buyers.

6. The Asset Purchase Agreement contemplated a June 1, 2011 closing date.

7. MBUSA wishes to enjoin the sale in order to exercise its contractual right of first refusal.

The Court makes the following conclusions of law:

1. Due to the complexity of the issues involved in deciding this case, the Court must preserve the status quo until the Court can "fully and fairly adjudicate" the interplay between Georgia's Motor Vehicle Franchise Practices Act, O.C.G.A. §10-1-620 to 10-1-670, and the contractual rights contained in the Dealer Agreements. Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl, 896 F.2d 1283, 1284 (11th Cir. 1990) ("The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.").

2. MBUSA is likely to succeed on the merits of its claim. See, e.g., Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (A "preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits[.]"). Not only do the Dealer Agreements grant MBUSA a right of first refusal, but Georgia law also grants MBUSA a statutory right of first refusal. See O.C.G.A. § 10-1-663.1. Under both New Jersey law, which governs the Dealer Agreements, and Georgia law, deals like the one in this case violate rights of first refusal. See Guaclides v. Kruse, 170 A.2d 488, 494 (N.J. App. 1961) (a property owner

3

may not "impair or destroy the preemptive right [of first refusal] to purchase the part by sale or agreement to sell the whole to some third person[.]"); Mazzeo v. Kartman, 560 A.2d 733 (N.J. App. 1989) (right of first refusal is a "valuable perogative," and seller breaches the right of first refusal when it accepts an offer on property without first offering to the right-holder); Hinson v. Roberts, 256 Ga. 396, 397 (1986) ("the preemptive right of first refusal may not be defeated by the offer of a third party to purchase the land in question as part of a package transaction"). Thus, it is likely that the package deal selling the Nissan and Volkswagon dealerships (over which MBUSA has no power) together with the Mercedes dealership violates MBUSA's contractual right of first refusal.

2. MBUSA would likely suffer irreparable harm in the absence of injunctive relief. See, e.g., Parker, 275 F.3d at 1034-35 (preliminary injunction appropriate where "(b) the preliminary injunction is necessary to prevent irreparable injury"). If the Court were to allow the sale of Star's Mercedes dealership to close, MBUSA would lose its right of first refusal under the Dealer Agreements. Under such circumstances, monetary damages would be difficult, if not almost impossible, to calculate; thus, an injunction is the appropriate remedy. See, e.g., Guaclides, 170 A.2d at 497 (enjoining property owner from selling burdened property without according right-holder ability to exercise its right of first refusal); Radio WEBS, Inc. v. Tele-Media Corp., 249 Ga. 598, 602, 604 (1982) (holding that trial court should have enjoined package sale that included assets burdened by right of first refusal).

4

3. The harm suffered by MBUSA by denying an injunction would likely exceed any damage the preliminary injunction may cause Defendants. See, e.g., Parker, 275 F.3d at 1034-35 (preliminary injunction appropriate where "(c) the threatened injury outweighs the harm that the . . . preliminary injunction would cause to the non-movant"). If the Court does not enjoin the sale of the dealership, MBUSA would lose its right of first refusal under the Dealer Agreements, a loss that would be nearly impossible to compensate with monetary damages. As to Star, although there will be a delay in the transfer of the dealership, Star continues to benefit from the ownership and operation of the dealership and is in no worse position. Moreover, MBUSA stands prepared to perform under the terms of the right of first refusal in the Dealer Agreements.

4. Preliminarily enjoining the sale to maintain the status quo until the Court can fully and fairly resolve the issues in this case would not be against the public interest. See, e.g., Parker, 275 F.3d at 1034-35 (preliminary injunction appropriate where (d) "the preliminary injunction would not be averse to the public interest"). Indeed, enjoining the sale is in furtherance of the public's interest in preserving and maintaining contractual relations. For all of the above reasons, the Motion for Temporary Restraining Order and Preliminary Injunction is hereby granted.

**IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** that:

1) Defendant Star Automobile Company and Defendants Peter W. Mankins and Krzysztof Lenckosz are hereby enjoined from closing the Asset Purchase Agreement between them dated

April 1, 2011, that includes the assets of the Mercedes-Benz of Athens dealership.

2) Defendant Star Automobile Company will not sell, transfer, or otherwise encumber the Mercedes-Benz of Athens dealership or the dealership's assets, including the dealership's property, tangible assets, intangible assets, contractual rights and obligations, or goodwill.

3) Nothing in this Order shall prohibit Defendant Star Automobile Company from continuing normal dealership operations.

4) This Order does not extend or abate Defendants' obligation to file responsive pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure.

5) As stated in the hearing, the parties are to submit their briefs regarding the security requirement set forth in Fed. R. Civ. P. 65(c) within five (5) days of the date of this Order.

6) This Preliminary Injunction will remain in effect until further Order of this Court.

SO ORDERED, this the 3rd day of June, 2011.

                    S/ C. Ashley Royal
                    C. ASHLEY ROYAL, JUDGE
                    UNITED STATES DISTRICT COURT

SSH