**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **MERCEDES-BENZ USA, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-73 (CAR) |
| ) | |
| **STAR AUTOMOBILE COMPANY;** ) | |
| **PETER W. MANKINS; and KRZYSZTOF** ) | |
| **LENCHKOSZ,** ) | |
| ) | |
| Defendants. ) | |

## ORDER ON SECURITY REQUIREMENT UNDER FED. R. CIV. P. 65(c) AND CONVERSION OF STAR'S SUPPLEMENTAL BRIEF INTO A MOTION TO REMOVE PRELIMINARY INJUNCTION

On June 1, 2011, this Court granted Plaintiff Mercedes-Benz USA, LLC's ("MBUSA") motion and preliminarily enjoined Defendants Star Automobile Company ("Star") and Peter W. Mankins and Krzysztof Lenchkosz (the "Buyers") from closing the Asset Purchase Agreement between them dated April 1, 2011, that includes the assets of the Mercedes-Benz of Athens dealership. In its Order memorializing the injunction [Doc. 10], the Court allowed the parties five days to submit briefs regarding the security requirement set forth in Fed. R. Civ. P. 65(c). The parties have now submitted their briefs. Star has requested that MBUSA be required to post at least $10,000,000.00 in security to protect the costs and damages Star contends it and the Buyers are likely to incur from the enjoined sale of the assets and land. MBUSA, however, contends no security is necessary as Defendants will suffer no damages in the event this Court entered a wrongful injunction.

Rule 65 of the Federal Rules of Civil Procedure, the authority pursuant to which the Court issued the preliminary injunction in this case, requires that a party seeking preliminary injunctive

relief provide security "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); Milan Exp., Inc. v. Averitt Exp., Inc., 208 F.3d 975, 978-79 (11th Cir. 2000). However, despite the literal language of Rule 65(c), the bond requirement of Rule 65(c) may be waived. See Bellsouth Telecomm., Inc. v. MCIMetro Access Transmission Servs, LLC, 425 F.3d 964, 971 (11th Cir. 2005) (holding that district court acted within its discretion when it did not require a bond); Baldree v. Cargill, Inc., 758 F. Supp. 704 (M.D. Fla. 1994), aff'd 925 F.2d 1474 (11th Cir. 1991) (district court has discretion to waive bond requirement imposed by Rule 65(c)). The amount of security for issuance of the preliminary injunction is a matter within the discretion of the trial court, and the court may elect to provide no security at all. Bellsouth, 425 F.3d at 971. Here, the Court finds it is unnecessary for Plaintiff to post any security at this time.

In its Supplemental Brief [Doc. 14], Defendant Star goes beyond the security issue and requests that this Court remove the preliminary injunction because it is not substantially likely that Plaintiff will succeed on the merits of its claims. Star provides argument and legal discussion on the issues. Thus, the Court **DIRECTS the Clerk** to CONVERT Star's Supplemental Brief [Doc. 14] into a Motion to Remove the Preliminary Injunction. The Court further **DIRECTS Plaintiff MBUSA** to respond to Star's arguments within ten (10) days of the date of this Order. Star will then have five (5) days in which to reply to MBUSA's response. Because the Buyers and Star previously agreed to extend the closing of the sale until mid-July, see Affidavits of James K. Reynolds and Drzysztof Lenckosz, Docs. 8 & 9, any wrongful injunction should not delay the sale any longer than the parties have already agreed to delay the sale. Therefore, the Court finds no security is necessary at this time. Upon ruling on the Motion to Remove the Preliminary Injunction, in the event the preliminary injunction remains in effect, the Court will re-address the security requirement at that

2

time.

SO ORDERED, this the 10th day of June, 2011.


                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, JUDGE
                                        UNITED STATES DISTRICT COURT



SSH