# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| **MERCEDES-BENZ USA, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-73 (CAR) |
| | ) | |
| **STAR AUTOMOBILE COMPANY;** | ) | |
| **PETER W. MANKINS; and KRZYSZTOF** | ) | |
| **LENCHKOSZ,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO REMOVE PRELIMINARY INJUNCTION

Currently before the Court is Defendant Star Automobile Company's ("Star") Motion to Remove Preliminary Injunction [Doc. 14]. Having thoroughly considered the record in this case, the arguments of the parties, and the applicable law, the Court **DENIES** Star's Motion.

On June 1, 2011, this Court preliminarily enjoined Defendants Star and Peter W. Mankins and Krzysztof Lenchkosz (the "Buyers") from closing the Asset Purchase Agreement dated April 1, 2011 ("Agreement"), between them and Plaintiff Mercedes-Benz USA, LLC ("MBUSA") that includes the assets of the Mercedes-Benz of Athens dealership. [Order for Preliminary Injunction, Doc. 10]. The Court found MBUSA met all the requirements for a preliminary injunction and reasoned that MBUSA is substantially likely to succeed on the merits of their case because the package deal contemplated by the Agreement violates both MBUSA's contractual and Georgia statutory rights of first refusal. Id. Thereafter, Star filed the current Motion requesting that the Court remove the preliminary injunction.

The Court, however, is unpersuaded by Star's arguments that a preliminary injunction runs afoul of O.C.G.A. § 10-1-653 – the statutory approval provision in the Georgia Motor

Vehicle Franchise Act. Contrary to Star's assertions otherwise, allowing MBUSA to preserve its right of first refusal does not "nullify" the statutory approval provision. The approval provision operates independently from the right of refusal; the provisions are not contradictory. Indeed, the provisions co-exist, as exemplified by the statutory right of first refusal in the Georgia Motor Vehicle Franchise Act which contains essentially the same language found in the contractual right of first refusal. Compare O.C.G.A. § 10-1-663.1 with Agreement, Doc. 1-3, Ex. B part 2, p. 21. Georgia courts clearly recognize "the fundamental principle that parties have the right to freely contract"; however, they will "not enforce a contractual provision which contravenes the statutory law of th[e] state." Brookfield Country Club, Inc. v. St. James-Brookfield, LLC, 287 Ga. 408, 413 (2010). In this case, however, MBUSA's contractual right of first refusal clearly does not contravene the Motor Vehicle Franchise Act.

Moreover, Star's argument that the existence of the approval provision represents an adequate replacement for MBUSA's right of first refusal is unpersuasive. To the contrary, the rights of first refusal provide a counterweight to the approval provision: it is a less restrictive form of control a franchisor has over the identity of its business partners. See Crivelli v. Gen. Motors Corp., 215 F.3d 386, 390 (3d Cir. 2000) (Although "both a right of first refusal and a consent requirement provide a mechanism by which the franchisor can control the selection of its franchises, . . . a right of first refusal is a less restrictive form of control, as it requires that the franchisor match the terms offered for the franchise by the third party."); Blair v. Gen. Motors Corp., 838 F. Supp. 1196, 1200 (W.D. Ky. 1993) ("By exercising its right of first refusal, GM merely asserted a contractual right provided by Mullen Oldsmobile; a right which benefits the dealer by guaranteeing an alternative solvent market for the franchise assets.").

Finding Star's arguments unpersuasive, the reasons stated by this Court in its original

2

Order stand, and the preliminary injunction will remain in place.

Because the preliminary injunction remains in place, the Court must determine whether MBUSA is required to provide security "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); Milan Exp., Inc. v. Averitt Exp., Inc., 208 F.3d 975, 978-79 (11th Cir. 2000). Despite the literal language of Rule 65(c), the bond requirement of Rule 65(c) may be waived. See Bellsouth Telecomm., Inc. v. MCIMetro Access Transmission Servs, LLC, 425 F.3d 964, 971 (11th Cir. 2005) (holding that district court acting within its discretion when it did not require a bond); Baldree v. Cargill, Inc., 758 F. Supp. 704 (M.D. Fla. 1994), aff'd 925 F.2d 1474 (11th Cir. 1991) (district court has discretion to waive bond requirement imposed by Rule 65(c)). The amount of security for issuance of the preliminary injunction is a matter within the discretion of the trial court, and the court may elect to provide no security at all. Bellsouth, 425 F.3d at 971. In this case, the Court finds it is unnecessary for MBUSA to post any security.

SO ORDERED, this the 15th day of July, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH